## IN THE CIRCUIT COURT OF DAVIDSON COUNTY, TENNESSEE

| | |
|---|---|
| DARCYE MANNING, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Docket No. |
| GLENN BLOODWORTH, and UNITED PARCEL SERVICE, INC., | ) ) ) ) |
| Defendants. | ) ) |

## COMPLAINT

Plaintiff states:

1. Plaintiff Darcye Manning is a citizen and resident of Davidson County, Tennessee.

2. Defendant Glenn Bloodworth is a citizen and resident of Marshall County, Kentucky, and may be served with process at 275 Mount Moriah Lane, Benton, Kentucky 42025.

3. Defendant United Parcel Service, Inc. is an Ohio corporation, whose principal place of business is 55 Glenlake Parkway NE, Atlanta, Georgia 30328, and who may be served with process through its registered agent Corporation Service Company, 2908 Poston Avenue, Nashville, Tennessee 37203.

4. On May 15, 2023, Defendant Glenn Bloodworth was driving a UPS truck on Whites Creek Pike in Nashville, Davidson County, Tennessee.

5. At the same time, Plaintiff Darcye Manning was operating a vehicle on Whites Creek Pike.

6. Defendant Glenn Bloodworth attempted to turn left at the UPS facility at 3205 Whites Creek Pike, striking and causing a collision with Plaintiff Darcye Manning's vehicle.

7. Defendant Glenn Bloodworth is at fault for the collision.

EXHIBIT A

8. Defendant Glenn Bloodworth did not have the right of way.

9. Plaintiff Darcye Manning had the right of way.

10. Defendant Glenn Bloodworth failed to yield the right of way to Plaintiff Darcye Manning.

11. Defendant Glenn Bloodworth failed to maintain a proper lookout.

12. Defendant Glenn Bloodworth failed to pay proper attention.

13. Defendant Glenn Bloodworth failed to drive at a reasonable and safe speed considering the traffic upon and conditions of the roadway.

14. Defendant Glenn Bloodworth failed to keep the UPS truck he was driving under proper control.

15. Defendant Glenn Bloodworth failed to use reasonable and due care in the operation of the UPS truck he was driving so as to avoid injury to other persons using the roadway, including Plaintiff Darcye Manning.

16. Based on Defendant's conduct described herein, Defendant Glenn Bloodworth was negligent and reckless.

17. Defendant Glenn Bloodworth violated Tenn. Code Ann. § 55-8-136 by failing to exercise due care to avoid colliding with Plaintiff Darcye Manning's vehicle, by failing to maintain a safe lookout, by failing to keep the UPS truck he was operating under proper control, and by failing to devote full time and attention to operating the UPS truck he was driving, under the existing circumstances to avoid endangering life, limb or property.

18. Defendant Glenn Bloodworth failed to obey Tennessee's statutory Rules of the Road applicable to the circumstances of the collision.

19. Defendant Glenn Bloodworth failed to obey regulations concerning the safe operation and driving of commercial motor vehicles under the Federal Motor Carrier Safety Administration and/or the Tennessee Department of Transportation.

20. Based on Defendant Glenn Bloodworth's conduct described herein, Defendant Glenn Bloodworth was negligent *per se,* and reckless.

21. At all times relevant to the matters alleged herein, Defendant United Parcel Service, Inc., was the owner of the UPS truck that Defendant Glenn Bloodworth was operating at the time of the collision.

22. At all times relevant to the matters alleged herein, the UPS truck that Defendant Glenn Bloodworth was operating at the time of the collision was registered in the name of Defendant United Parcel Service, Inc.

23. Plaintiff Darcye Manning invokes the presumptions of Tenn. Code Ann. §§ 55-10-311 and 312.

24. At all times relevant to the matters alleged herein, Defendant Glenn Bloodworth was driving the UPS truck with the permission of Defendant United Parcel Service, Inc.

25. At all times relevant to the matters alleged herein, Defendant Glenn Bloodworth was an agent, employee, or both of Defendant United Parcel Service, Inc.

26. At all times relevant to the matters alleged herein, Defendant Glenn Bloodworth was acting in the course and scope of his agency, employment, or both on behalf of Defendant United Parcel Service, Inc.

27. At all times relevant to the matters alleged herein, Defendant United Parcel Service, Inc. is vicariously responsible for the negligent and reckless acts, omissions, or both of Defendant Glenn Bloodworth under the doctrine of *respondeat superior.*

28. Defendant United Parcel Service, Inc.'s negligent and reckless hiring, training, and/or supervision of Defendant Glenn Bloodworth is a direct and proximate cause of the collision and Plaintiff Darcye Manning's injuries and damages.

29. Plaintiff Darcye Manning has suffered injuries as a direct and proximate result of the collision.

30. Plaintiff Darcye Manning has incurred medical bills and other expenses as a direct and proximate result of the collision.

31. Plaintiff Darcye Manning has endured physical pain and mental suffering as a direct and proximate result of the collision.

32. Plaintiff Darcye Manning has suffered loss of enjoyment of life as a direct and proximate result of the collision.

33. Plaintiff Darcye Manning has suffered lost wages, loss of earning capacity, or other out of pocket expenses, or some combination thereof, as a direct and proximate result of the collision.

34. Plaintiff Darcye Manning seeks to recover for all of her damages allowed under Tennessee law.

WHEREFORE, Plaintiff Darcye Manning prays for the following relief:

1. A judgment for compensatory and punitive damages against Defendant Glenn Bloodworth and Defendant United Parcel Service, Inc., jointly and severally, in an amount to be determined by the trier of fact, but in excess of $1,000,000;

2. An award of all discretionary costs and court costs; and

3. Such other and further relief as shall be deemed reasonable, just, and necessary.

Respectfully submitted,

/s/ Burke Keaty
R. Burke Keaty, II, BPR#027342
**MORGAN & MORGAN – NASHVILLE, PLLC**
810 Broadway, Suite 105
Nashville, TN 37203
(615) 514-4205
bkeaty@forthepeople.com
*Attorney for Plaintiff*

**CIRCUIT COURT SUMMONS**  NASHVILLE, TENNESSEE

## STATE OF TENNESSEE
## DAVIDSON COUNTY
## 20ᵀᴴ JUDICIAL DISTRICT

Service ID 417454

DARCYE MANNING

Plaintiff

vs.

GLENN BLOODWORTH
275 MOUNT MORIAH LANE
BENTON, KY 42025

Defendant

CIVIL ACTION
DOCKET NO. 24C476
Method of Service:
Personal Service

To the above named Defendant:

You are summoned to appear and defend a civil action filed against you in the Circuit Court, 1 Public Square, Room 302, P.O. Box 196303, Nashville, TN 37219-6303, and your defense must be made within thirty (30) days from the date this Summons is served upon you. You are further directed to file your defense with the Clerk of the Court and send a copy to the Plaintiff's attorney at the address listed below.

In case of your failure to defend this action by the above date, judgment by default will be rendered against you for the relief demanded in the Complaint.

ISSUED: 02/26/2024

JOSEPH P. DAY
Circuit Court Clerk
Davidson County, Tennessee

By: [signature]

Deputy Clerk

ADDRESS OF PLAINTIFF'S ATTORNEY OR PLAINTIFF:

BURKE KEATY
MORGAN & MORGAN
810 BROADWAY
NASHVILLE, TN 37203

### NOTICE TO THE DEFENDANT:

Tennessee law provides a Ten Thousand and 00/100 Dollars ($10,000.00) debtor's equity interest personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

 To request an ADA accommodation, please contact Trey Collier at (615) 880-3309

**CIRCUIT COURT SUMMONS**  NASHVILLE, TENNESSEE

## STATE OF TENNESSEE
## DAVIDSON COUNTY
## 20TH JUDICIAL DISTRICT

Service ID 417454

DARCYE MANNING

Plaintiff

vs.

GLENN BLOODWORTH
275 MOUNT MORIAH LANE
BENTON, KY 42025

Defendant

CIVIL ACTION
DOCKET NO. 24C476
Method of Service:
  Personal Service

### RETURN ON PERSONAL SERVICE OF SUMMONS

I hereby certify and return that on the _____ day of _____, 20___, I:

_____ served this Summons and Complaint/Petition on _____ in the following manner:
_____

_____ failed to serve this Summons within 90 days after its issuance because _____
_____

_____
Sheriff/Process Server

To request an ADA accommodation, please contact Trey Collier at (615) 880-3309

**CIRCUIT COURT SUMMONS**　　　　　　　　　　　　　　　　　　　　　　　**NASHVILLE, TENNESSEE**

# STATE OF TENNESSEE
# DAVIDSON COUNTY
# 20ᵀᴴ JUDICIAL DISTRICT

Service ID 417455

DARCYE MANNING

　　　　　　　　　　　　　　　　　　　　Plaintiff

vs.

UNITED PARCEL SERVICE, INC. R/A: CORPORATION
SERVICE COMPANY
2908 POSTON AVENUE
NASHVILLE, TN 37203

　　　　　　　　　　　　　　　　　　　　Defendant

CIVIL ACTION
DOCKET NO. 24C476
Method of Service:
Personal Service

To the above named Defendant:

You are summoned to appear and defend a civil action filed against you in the Circuit Court, 1 Public Square, Room 302, P.O. Box 196303, Nashville, TN 37219-6303 , and your defense must be made within thirty (30) days from the date this Summons is served upon you. You are further directed to file your defense with the Clerk of the Court and send a copy to the Plaintiff's attorney at the address listed below.

In case of your failure to defend this action by the above date, judgment by default will be rendered against you for the relief demanded in the Complaint.

ISSUED: 02/26/2024

　　　　　　　　　　　　　　　　　　　　**JOSEPH P. DAY**
　　　　　　　　　　　　　　　　　　　　Circuit Court Clerk
　　　　　　　　　　　　　　　　　　　　Davidson County, Tennessee

By: _____

　　　　　　　　　　　　　　　　　　　　Deputy Clerk

ADDRESS OF PLAINTIFF'S ATTORNEY OR PLAINTIFF:

BURKE KEATY
MORGAN & MORGAN
810 BROADWAY
NASHVILLE, TN 37203

---

**NOTICE TO THE DEFENDANT:**

Tennessee law provides a Ten Thousand and 00/100 Dollars ($10,000.00) debtor's equity interest personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

 To request an ADA accommodation, please contact Trey Collier at (615) 880-3309

**CIRCUIT COURT SUMMONS** NASHVILLE, TENNESSEE

## STATE OF TENNESSEE
## DAVIDSON COUNTY
## 20 TH JUDICIAL DISTRICT

Service ID 417455

DARCYE MANNING

CIVIL ACTION
DOCKET NO. 24C476
Method of Service:
 Personal Service

Plaintiff

vs.

UNITED PARCEL SERVICE, INC. R/A: CORPORATION
SERVICE COMPANY
2908 POSTON AVENUE
NASHVILLE, TN 37203

Defendant

### RETURN ON PERSONAL SERVICE OF SUMMONS

I hereby certify and return that on the _____ day of _____, 20____, I:

_____ served this Summons and Complaint/Petition on _____ in the following manner:
_____

_____ failed to serve this Summons within 90 days after its issuance because _____
_____

Sheriff/Process Server

To request an ADA accommodation, please contact Trey Collier at (615) 880-3309